THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURETTE SANTOS,<br><br>               Plaintiff,<br><br>v.<br><br>TODD B. HUNTER,<br><br>               Defendant. | Case No.: 1:24-cv-1759-JDB |

### **PLAINTIFF'S REPLY TO DEFENDANT'S JURISDICTIONAL BRIEFING**

Pursuant to this Court's Minute Order dated February 5, 2025, Plaintiff Laurette Santos submits this reply to Defendant's Jurisdictional Briefing, ECF No. 34. As detailed in Ms. Santos's Supplemental Briefing on Standing, Ms. Santos has suffered injuries in fact sufficient to support her standing to bring claims under Sections 501 and 508 of the Rehabilitation Act. *See* ECF No. 30. The cases this Court asked the parties to consider—*Allen v. Wright*, 468 U.S. 737 (1984), *TransUnion, LLC v. Ramirez*, 594 U.S. 413 (2021), and *D'Amore v. Small Business Administration*, Civ. A. No. 21-1505 (CRC), 2024 WL 3251224 (D.D.C. July 1, 2024)—support such a conclusion. *See id*. The Department of Veterans Affairs' (the "VA") arguments otherwise are meritless and unpersuasive.

### **ARGUMENT**

**I.    Ms. Santos has suffered a concrete harm.**

As detailed in Ms. Santos's Supplemental Briefing on Standing and the accompanying declaration, as a result of the VA's discriminatory actions, Ms. Santos has "suffered numerous harms," including unequal treatment, "a barrier to accessing the files and information she needs to complete her job, the loss of her ability to independently, efficiently, and thoroughly complete

her job; emotional distress; and the loss of accrued sick and vacation hours."[1] Pl.'s Supp. Br. 2–3, 5–8. These injuries, in addition to being the very harms recognized by the Rehabilitation Act, are concrete harms. *See id.* at 5–8. Ms. Santos has, therefore, satisfied the injury-in-fact requirement.

The VA's arguments that she has not are unpersuasive. First, the VA refers to language in *Allen* and *TransUnion* explaining that a statutory right or private right of action, alone, is not sufficient to satisfy the injury-in-fact requirement. Def.'s Supp. Br. 8. But, as Ms. Santos explained in her Supplemental Briefing on Standing, while recognizing her statutory right to comparable access and her private right of action, she does not rely on these rights, alone, to establish her injury. Instead, she points to the concrete harms of unequal access, loss of independence, loss of the ability to perform her job, emotional distress, and loss of accrued leave. Pl.'s Supp. Br. 2–3, 5–8. The sole reliance on statutory rights to demonstrate an injury-in-fact warned against in *Allen* and *TransUnion* is not at issue here. *See id.* at 10–11.

Second, the VA argues that Ms. Santos has not identified a harm traditionally recognized as providing a basis for standing. Def.'s Supp. Br. 8–9. Not so. Ms. Santos has endured unequal, discriminatory treatment (as compared to her sighted coworkers), which the Supreme Court has recognized as a cognizable harm for decades. *Heckler v. Mathews*, 465 U.S. 728, 738 (1984) (finding that a plaintiff who had alleged "unequal treatment" because of his gender had "claim[ed] the type of personal injury [the Supreme Court had] long recognized as judicially cognizable"). Ms. Santos has also experienced a lack of independence, which courts throughout

---

[1] Throughout its brief, the VA refers to Ms. Santos's injuries as "informational" injuries. *See generally* Def.'s Supp. Br. However, "informational" injuries result from violations of public-disclosure laws, *see TransUnion*, 594 U.S. at 441–42, which are not at issue here. Moreover, as discussed, in addition to being deprived equal access to the data and information contained within Cerner, Ms. Santos has suffered other concrete harms as well. *See supra* at 1–2.

the United States have recognized as sufficient to satisfy standing. Pl.'s Supp. Br. 6–7 (citing various cases). Ms. Santos also suffered emotional harm, which the court in *D'Amore* – the case on which the VA relies for its "traditional harm" argument – recognized as a harm that "can satisfy Article III's concreteness requirement." 2024 WL 3251224, at *4. Lastly, Ms. Santos has experienced monetarily quantifiable harms (i.e., the loss of accrued annual and sick leave), which the VA concedes are concrete harms. *See* Def.'s Supp. Br. 8.

Third, the VA compares Ms. Santos to the plaintiffs in *Allen* and claims that she failed to provide "any factual allegations or evidence in support of any 'stigmatic injury' she personally suffered." Def.'s Supp. Br. 9. However, Ms. Santos, unlike the *Allen* plaintiffs, continues to be personally denied equal treatment because of the VA's use of the inaccessible Cerner system and, therefore, is personally subject to a stigmatic injury. Indeed, in her Amended Complaint, Ms. Santos explained that despite her *personal* objections to the deployment of Cerner because of her *personal* inability to use the non-compliant system, the VA nonetheless deployed Cerner, Am. Compl. (ECF No. 23) ¶¶ 26, 29, leading to her feelings of degradation, frustration, and humiliation, all of which illustrate the stigmatic injury she has endured, Santos Decl. (ECF No. 30-1) ¶¶ 18, 29. That Ms. Santos manages to fight through her feelings and "excels in her role as social worker," Def.'s Supp. Br. 9–10, does not diminish the concreteness of her harms.

## II. Ms. Santos has alleged a plausible Section 508 claim.[2]

In her Amended Complaint, Ms. Santos alleged that the VA has failed to ensure that Cerner allows individuals with disabilities to access and use information and data comparable to the access and use of her non-disabled counterparts, in violation of Section 508. Am. Compl. ¶ 60. Specifically, Ms. Santos alleged that the VA knew, by at least October 21, 2019, that Cerner

---

[2] The VA does not argue that Ms. Santos has not alleged a plausible Section 501 claim.

was not Section 508 compliant, as it required the use of a mouse, something which blind employees are unable to use. *Id.* ¶ 24. She also alleged that, as early as 2020, she raised concerns with the VA about Cerner's compatibility with her screen reading software, *id.* ¶ 26, and that "[b]etween November 2020 and November 2021, the *VA's Section 508 Office* conducted numerous audits of Cerner, which confirmed that Cerner was inaccessible and not Section 508 compliant," *id.* ¶ 27 (emphasis added). She also alleged that she remains unable to sign into Cerner at all. *Id.* ¶ 30. Lastly, Ms. Santos alleged that "Cerner is not subject to, and the VA did not complete or submit documentation to its Section 508 Office applying for, any exception to the Section 508 standards." *Id.* ¶ 61. Together, these allegations state a plausible Section 508 claim. The VA has conceded that at the motion to dismiss stage, this Court is to accept these allegations as true. *See* Def.'s Supp. Br. 4–5.

      Ignoring these allegations, including those related to the VA's own Section 508 Office's determination that Cerner is not Section 508 compliant, as well as the motion to dismiss standard, the VA attempts to argue that Ms. Santos has not alleged a plausible Section 508 claim and, therefore, cannot establish standing. Def.'s Supp. Br. 10–12. Specifically, the VA argues that (1) it is unclear what Section 508 standards the VA failed to adhere to, (2) Ms. Santos has failed to explain "why the [Section 508] exemptions do not apply," and (3) Congress's mandate in the National Defense Authorization Act for Fiscal Year 2014 ("NDAA") for a uniform electronic health records system with the Department of Defense ("DoD") precluded the VA's need to comply with Section 508. In doing so, in addition to Ms. Santos's allegations, the VA ignores the applicable Section 508 standard, which requires that agencies ensure that their information and communications technology is "accessible to and usable by individuals with disabilities, either directly *or by supporting the use of assistive technology*," 36 C.F.R. Part 1194, App'x A, Ch. 2, § E203.1 (emphasis added). Moreover, it is *the agency's* burden (which it has not met) to

4

demonstrate that an exception to Section 508 compliance applies. *See Orozco v. Garland*, 60 F.4th 684, 690 n.2 (D.C. Cir. 2023). Lastly, the VA does not point to any language in the NDAA overriding the independent obligation (of both the VA and DoD) to comply with Section 508. *See* 29 U.S.C. § 794d(a)(1)(A) (emphasis added).

The VA's plausibility arguments are meritless. Both cases the VA relies on for its arguments—*Lawyers' Comm. For 9/11 Inquiry, Inc. v. Wray*, 848 F. App'x 428, 430 (D.C. Cir. 2021) and *D'Amore*—are distinguishable. In both cases, there was no statutory, evidentiary, or other basis for the alleged violations of law. *See Lawyers' Comm.*, 848 F. App'x at 430 (finding that the text of the at-issue provision did not require disclosure of information); *see also D'Amore*, 2024 WL 3251224, at *3 (finding there were no Access Board standards requiring the use of interpreters). That is not the case here. *See supra* at 3–4. Ms. Santos has alleged a plausible Section 508 claim.

## CONCLUSION

For all the reasons stated above, and in Plaintiff's Supplemental Briefing on Standing, Ms. Santos has alleged an injury in fact for purposes of Article III standing.

Dated: February 11, 2025                Respectfully submitted,

                                        /s/
                                        Anisha S. Queen (D.C. Bar #1029963)
                                        Eve L. Hill (D.C. Bar #424896)
                                        Lauren J. Kelleher (D.D.C. Bar #MD0208)
                                        Brown, Goldstein & Levy, LLP
                                        120 E. Baltimore Street, Suite 2500
                                        Baltimore, MD 21202
                                        Telephone:  (410) 962-1030
                                        Facsimile: (410) 385-0869
                                        aqueen@browngold.com
                                        ehill@browngold.com
                                        lkelleher@browngold.com

                                        *Attorneys for Plaintiff Laurette Santos*